

# NUMBER 13-24-00297-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE J&D CLAIMS SERVICES AND MARK STEVENS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Chief Justice Contreras[1]**

Relators J&D Claims Services and Mark Stevens filed a petition for writ of mandamus asserting that the trial court abused its discretion by denying their motion to dismiss, or alternatively, by denying their motion for joinder of an indispensable party. *See* TEX. INS. CODE ANN. § 542A.006 (providing that "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

acts or omissions related to the claim," and if so, "no cause of action exists against the agent related to the claimant's claim"); TEX. R. CIV. P. 39 (governing the joinder of parties needed for a "just adjudication"). We deny the petition for writ of mandamus.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if its "decision is 'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'" or if it errs "in 'determining what the law is or applying the law to the facts,' even when the law is unsettled." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (cleaned up) (quoting first *Walker*, 827 S.W.2d at 839, then *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135). We determine whether an adequate appellate remedy exists by weighing the benefits of mandamus review against the detriments in a fact-specific inquiry. *In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest German Garcia, and relators' reply, is of the opinion that relators have not met their burden to obtain relief. Accordingly, we lift the stay previously imposed in the underlying matter. *See* TEX. R. APP. P. 52.10(b) ("Unless

vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

DORI CONTRERAS<br>
Chief Justice

Delivered and filed on the
26th day of August, 2024.